IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRITT JACKSON,<br><br>    Plaintiff,<br><br>VS.<br><br><br>GENERAL MOTORS, LLC, GENERAL MOTORS COMPANY, GENERAL MOTORS CORPORATION, and GATEWAY BUICK GMC, LLC,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     CIVIL ACTION NO:_____ |

## GENERAL MOTORS LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

General Motors LLC ("GM LLC"), a defendant in a case originally pending as Cause No. DC-22-08651,[1] in the 298th District Court, Dallas County, Texas, and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and 28 U.S.C. §§ 157(b), 1331, 1334(b), and 1452 (a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure hereby files this Notice of Removal of that cause of action to the United States District Court for the Northern District of Texas, Dallas Division (the "Notice"). As grounds for removal, GM LLC respectfully shows the Court as follows:[2]

### I.     REMOVAL BASIS

1.     There are two bases for removal. First, this matter is removed on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. GM LLC asserts that there is complete diversity as no properly considered defendant is a citizen of the same state as Plaintiff

---

[1] The style of this removed action is the same as the style of the state court action as set forth in Plaintiff's Original Petition (the "Petition").

[2] Attached as Exhibit A is the Index of Matters Being Filed that includes the state court docket sheet and all documents filed in the state court action. A copy of GM LLC's Certificate of Interested Parties is attached as Exhibit B.

**PAGE 1**

Britt Jackson ("Plaintiff"). Further, GM LLC asserts that the amount in controversy requirement is met. Second, this action is removed on bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, 1334(b), and 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure. This action is a civil proceeding that is related to a case under the Bankruptcy Code because Plaintiff has named as a defendant a debtor that previously filed for bankruptcy—General Motors Corporation (n/k/a Motors Liquidation Company).

## II.     BACKGROUND

2.      On July 26, 2022, Plaintiff filed this suit in the 298th District Court, Dallas County, Texas DC-22-08651[3] against the following defendants: (a) GM LLC; (b) General Motors Company; (c) General Motors Corporation; and (d) Gateway Buick GMC, LLC ("Gateway") (GM LLC, General Motors Company, General Motors Corporation, and Gateway will be collectively referred to herein as "Defendants"). GM LLC filed its Answer on September 12, 2022.[4] Improperly joined Gateway also filed its Answer on September 12, 2022.[5] Neither General Motors Company nor General Motors Corporation have been served and therefore have not filed Answers.

3.      Plaintiff alleges that on August 29, 2020, he was "sitting behind the wheel [of] his 2017 GMC Savanna [the "Subject Vehicle"] when the driver's side roof rail airbag deployed without an algorithm enable."[6] Plaintiff brings product liability claims[7] against all Defendants sounding in strict product liability, deceptive trade practices, breach of warranty, and negligence.[8] As to Gateway, Plaintiff alleges that it represented that the "the [Subject Vehicle] was safe, free

---

[3] *See* Exhibit A-2 – the Petition.
[4] *See* Exhibit A-11 – Defendant GM LLC's Original Answer ("GM LLC's Answer").
[5] *See* Exhibit A-12 – Defendant Gateway's Original Answer ("Gateway Answer").
[6] *See* Petition at ¶ 9, Exhibit A-2.
[7] Chapter 82 defines a "products liability action" as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories."  TEX. CIV. PRAC. & REM. CODE § 82.001(2).
[8] *See* Petition at ¶¶ 11–51, Exhibit A-2.

from defect and properly manufactured" and that these representations were incorrect because the "[Subject Vehicle] was defective, unsafe, and improperly manufactured."[9] Plaintiff seeks economic damages, including medical expenses and lost wages, non-economic damages, including pain and suffering and mental anguish, as well as prejudgment and post-judgment interest.[10]

### III.   DIVERSITY JURISDICTION

4.      In support of this Notice, GM LLC shows that this action is removable to this Court under 28 U.S.C. § 1441 because this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332, based on the diversity of citizenship over those parties who are properly joined[11] and an amount in controversy exceeding $75,000.00.[12]

**A.      Amount in Controversy Exceeds $75,000.**

5.      The Petition, on its face, establishes that the amount in controversy exceeds $75,000 as Plaintiff states he "seeks monetary relief between $250,000.00 and $1,000,000.00, excluding penalties, costs, expenses, and prejudgment interest."[13] A removing party may show the amount in controversy is met in one of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[14]

6.      GM LLC denies that Plaintiff is entitled to any monetary or other relief, but Plaintiff has clearly pleaded and sought relief that exceeds the jurisdictional threshold. The jurisdictional amount-in-controversy requirement under § 1332(a) is therefore satisfied.

---

[9] *See* Petition at ¶ 9, Exhibit A-2.
[10] *See* Petition at ¶¶ 56 & 59, Exhibit A-2.
[11] *See* Section B below.
[12] *See* Section III A below.
[13] *See* Petition at ¶ 1, Exhibit A-2.
[14] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882–83 (5th Cir. 1998).

**B.     There is Complete Diversity of Citizenship.**

7.     Complete diversity exists because Plaintiff is a citizen of Texas while GM LLC is not. Further, General Motors Company and General Motors Corporation are not citizens of Texas.[15] The citizenship of Gateway is not considered as Gateway is an improperly joined defendant.[16]

8.     Diversity of citizenship is determined by the citizenship of all properly joined and served parties as of the date of the filing of the complaint.[17]  For diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.[18] "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[19]

9.     Plaintiff is a citizen of Texas, according to the Petition.[20]

10.    GM LLC was not and is not a citizen of Texas. GM LLC was at the time of filing of the lawsuit and is still a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan.[21] Accordingly, for purposes of the Court's diversity jurisdiction, GM LLC's citizenship is that of each of its members.[22] The only member of GM LLC is General Motors Holdings LLC and General Motors Holdings LLC is also a Delaware limited liability company. The only member of General Motors Holdings LLC is

---

[15] As indicated in Footnotes 25 and 28, neither General Motors Company nor General Motors Corporation has been properly served and including them in this analysis is not an admission that they have been served.
[16] *See* Section B.i. below.
[17] *See* 28 U.S.C. §§ 1332 and 1441.
[18] *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989).
[19] *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989).
[20] *See* Petition at ¶ 2, Exhibit A-2.
[21] *See* Defendant General Motors LLC's Certificate of Interested Parties at Exhibit B.
[22] *See Servicios Comerciales Lamosa, S.A. De C.V. v. De La Rosa*, 2018 U.S. LEXIS 52841, *9 (N.D. Tex., Mar. 29, 2018).

General Motors Company, a Delaware corporation with its principal place of business in Michigan. Thus, GM LLC is a citizen of Delaware and Michigan.[23]

11. General Motors Company was not and is not a citizen of Texas. General Motors Company is organized under the laws of the State of Delaware with its principal place of business in the State of Michigan.[24] General Motors Company has not been served.[25]

12. General Motors Corporation was not and is not a citizen of Texas. General Motors Corporation was dissolved over a decade before the filing of this lawsuit.[26] Regardless, though, prior to its dissolution, General Motors Corporation was a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Michigan.[27] General Motors Corporation has not been served.[28]

13. Because Plaintiff is a citizen of Texas and neither GM LLC, nor General Motors Company or General Motors Corporation, are citizens of Texas, there is complete diversity of citizenship between the parties to this lawsuit as required by 28 U.S.C. § 1332(a)(1).

### i. The Forum Defendant Rule is Inapplicable Because Gateway is Improperly Joined and Improperly Joined Parties Cannot Defeat Diversity.

14. The addition of Gateway does not preclude removal because it is not a proper defendant in this lawsuit. Plaintiff has not established or alleged that Gateway is a citizen of Texas.

---

[23] *See* Defendant General Motors LLC's Certificate of Interested Parties at Exhibit B.
[24] *See* Defendant General Motors LLC's Certificate of Interested Parties at Exhibit B; *see also* Petition at ¶ 4.
[25] *See* Notice of Rejected Service of Process for General Motors Company, Exhibit D. The Affidavit of Service included in the Executed Citation at Exhibit A-8 states that service was completed by delivering to "Registered Agent CT Corporation System, Inc." but CT Corporation System is not a registered agent for General Motors Company as shown in the Notice of Rejected Service at Exhibit D.
[26] *See* Section IV below.
[27] *See* Petition at ¶ 5.
[28] *See* Notice of Rejected Service of Process for Corporation, Exhibit E. The Affidavit of Service included in the Executed Citation at Exhibit A-9 states that service was completed by delivering to "Registered Agent CT Corporation System, Inc." but service was rejected by CT Corporation System because the entity was dissolved over a decade ago, is inactive and CT Corporation is not the registered agent for service of process, as shown in the Notice of Rejected Service at Exhibit D.

Rather, Plaintiff alleges Gateway is a "domestic limited liability company" that "can be served through [its] registered agent: Brian L. Brown, 4300 S. Georgia, Amarillo, Texas."[29] Gateway is a limited liability company with each of its members being a citizen of Texas..

15. Even though Gateway is a citizen of Texas, it is an improperly joined defendant. Under the "forum defendant rule," 28 U.S.C. § 1441(b)(2), a suit cannot be removed if one of the defendants, who is properly joined and served, is a citizen of the state where suit is filed. However, the Court may disregard the state citizenship of any improperly joined, non-diverse defendant.[30]

16. The only basis Plaintiff has for defeating diversity is the addition of Gateway, assuming that Gateway is found to be a citizen of the State of Texas (which has not been alleged or established by Plaintiff); however, because Plaintiff has no reasonable basis for recovery against Gateway, as a matter of law, Gateway is improperly joined. Because Plaintiff may attempt to defeat diversity by arguing Gateway is a citizen of Texas, GM LLC provides the Court with the following analysis.

### a. Standard for Improper Joinder.

17. To establish improper joinder,[31] the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[32] Under the second method of demonstrating improper joinder, the standard is whether the defendant has demonstrated that there

---

[29] *See* Petition at ¶ 7, Exhibit A-2.
[30] *McDonal v. Abbott Labs*, 408 F.3d 177, 183 (5th Cir. 2005); *Segura v. GM LLC*, Civil Action No. DR-14-CV-077-AM-VRG, 2015 U.S. Dist. LEXIS 195519, at *17 (W.D. Tex. July 25, 2015).
[31] The Fifth Circuit has adopted "improper joinder" as the more appropriate term for the concept formerly referred to as "fraudulent joinder." *Smallwood v. Illinois Cent. Rail. Co.,* 385 F.3d 568, 571 n. 1 (5th Cir. 2004) (*en banc*).
[32] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

is <u>no reasonable basis</u> to predict that the plaintiff might be able to recover against the in-state defendant.[33]

18.  The Fifth Circuit outlined two methods available to the district court in predicting whether a plaintiff has a reasonable basis of recovery: (1) the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant; or (2) after examining the pleadings, the court may determine it is appropriate to pierce the pleadings and conduct a summary inquiry.[34]

19.  The standard for evaluating Rule 12(b)(6) motions is that the pleadings must contain either <u>direct</u> allegations on <u>every material point</u> necessary to sustain a recovery or else <u>contain allegations</u> from which an inference fairly may be drawn that sufficient evidence will be introduced at trial.[35] Conclusory allegations or legal allegations masquerading as factual conclusions will not suffice.[36] The Court is not required to conjure up un-pleaded allegations or construe elaborately arcane scripts to save a complaint.[37]

      **b.  Based on a 12(b)(6) Analysis of the Pleadings, Plaintiff has no Reasonable Basis of Recovering Against Gateway.**

20.  The bare bones pleading of the Petition in no conceivable way states a claim against Gateway that would give rise to an inference that sufficient evidence would be produced at trial

---

[33] "[A] removing defendant [need not] demonstrate an absence of *any possibility* of recovery in state court . . . the defendant must demonstrate only that there is *no reasonable basis* for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). A "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000); *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).
[34] *Smallwood,* 385 F.3d at 573–74.
[35] *Rios v. City of Del Rio*, 444 F.3d 417, 420–21 (5th Cir. 2006) (emphasis added). The district court is limited to the causes of action and allegations asserted in the complaint on file at the time of the removal. *See Rubin v. Daimlerchrysler Corp.,* Civ. Action No. H-04-4021, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005).
[36] *Id*. at 421 (citing F*ernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[37] *Id*. (*citing Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

such that recovery could be sustained against Gateway. In fact, the Petition fails to state a claim under applicable Texas law and thus, there is no reasonable basis for recovery here as a matter of law.

### 1. Texas Law Requires a Seller's Liability be Based on a Statutory Exception.

21. As a products liability action, this lawsuit is governed by Chapter 82 of the Texas Civil Practice and Remedies Code. Plaintiff's claims for strict liability, negligence, breach of warranty, and violations of the Texas Deceptive Trade Practices Act all sound in product liability and are all subject to Chapter 82.[38] Section 82.001 provides for liability against either a manufacturer or seller.[39] A seller is defined as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof."[40]

22. Section 82.003(a) further provides that "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of the several enumerated exceptions:[41]

>   (a) The seller participated in the design of the product;
>
>   (b) The seller altered the product in such a way as to cause the damages;
>
>   (c) The seller installed or assembled the product incorrectly causing the damage;

---

[38] *See Segura*, 2015 U.S. Dist. LEXIS 195519, at *12; *see also Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 491 (5th Cir. 1999). Chapter 82 defines a "products liability action" as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." TEX. CIV. PRAC. & REM. CODE § 82.001(2).
[39] *Id.*
[40] *Id.* at § 82.001(3).
[41] "[A]ny theory of recovery pleaded against a nonmanufacturing seller must satisfy one of the seven immunity exceptions contained in section 82.003(a), even if the allegations would otherwise state a valid claim under Texas law." *State Farm Lloyds v. Polaris Indus.*, No. 6-12-19, 2012 U.S. Dist. LEXIS 129045, at *6 (S.D. Tex. Sep. 11, 2012) (citations omitted).

(d) The seller substantially controlled the content of deficient warnings and the harm resulted from the deficient warnings;

(e) The seller made express false factual representations or warranties about the product and the injury would not have occurred had the product been as represented;

(f) The seller "actually" knew the product was defective; or

(g) The manufacturer is either insolvent or not subject to the court's jurisdiction.[42]

### A) Plaintiff Fails to Plead a Statutory Exception Applicable to Gateway.

23. Plaintiff fails to state a reasonable basis of recovery against Gateway, the alleged seller of the Subject Vehicle, because Plaintiff fails to allege any statutory exception here. Plaintiff does not allege that Gateway designed or manufactured the Subject Vehicle and, thus, he is required to plead one of the above exceptions. Plaintiff alleges the following against Gateway:

> [Plaintiff] previously purchased the [Subject] [V]ehicle from [Gateway] . . . . At the time of purchase [Gateway] expressly represented that the [Subject] [V]ehicle was safe, free from defect, and properly manufactured. This express factual representation was incorrect as the [Subject Vehicle] was defective, unsafe, and improperly manufactured. [Plaintiff] relied on the representation in purchasing the van and would not have purchased the [Subject Vehicle] had [Gateway] told him the truth about the vehicle.[43]

Glaringly absent from Plaintiff's allegations are any mention of Gateway having actual knowledge of a specific defect or any other statutory exception.[44] Because Plaintiff fails to allege an exception, he has failed to state a claim against a product seller as a matter of law and fails to pass muster required under the 12(b)(6) analysis required for improper joinder.

---

[42] TEX. CIV. PRAC. & REM. CODE § 82.003.
[43] *See* Petition at ¶ 9, Exhibit A-2.
[44] In fact, with regard to the DTPA claim, Plaintiff does no more than simply list a recitation of particular sections of the DTPA. *Id.* at ¶ 5. There are no facts alleged to support that claim.

24. Plaintiff might attempt to argue that his allegation invokes the "express factual representation" exception in Section 82.003(a)(5).[45] Plaintiff, however, does not allege that Gateway made any express factual representations about the Subject Vehicle's "driver's side roof rail airbag."[46] Generic allegations that a seller represented a product is safe and non-defective are insufficient to trigger the statute and plead a viable claim against the seller.[47] Thus, Plaintiff has not sufficiently alleged that the express factual representation exception applies here.

25. Not only does Plaintiff fail to expressly allege any of these statutory exceptions as to Gateway in the Petition, he never even cites to Section 82.003.[48] Plaintiff does not specifically allege any of the following exceptions, that:

(a) Gateway participated in the design of the product;

(b) Gateway altered the product in such a way as to cause the damages;

(c) Gateway installed or assembled the product incorrectly causing the damage;

(d) Gateway substantially controlled the content of deficient warnings and the harm resulted from the deficient warnings;

(e) Gateway made express false factual representations or warranties about the product and the injury would not have occurred had the product been as represented;

(f) Gateway "actually" knew the product was defective; or

(g) The manufacturer is either insolvent or not subject to the court's jurisdiction.

---

[45] This exception allows a non-manufacturing seller to be sued if the plaintiff proves "the seller made an express factual representation about an aspect of the product; the representation was incorrect; the claimant relied on the representation in obtaining or using the product; and if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm". TEX. CIV. PRAC. & REM. CODE § 82.003.

[46] *Id.*; *see* Petition at ¶ 9, Exhibit A-2.

[47] *Gill v. Michelin N. Am., Inc.*, 3 F.Supp.3d 579, 585 (W.D. Tex. 2013) ("[p]laintiffs have not alleged any basis for any express factual misrepresentation made by [seller] apart from the general allegations of the defectiveness of the truck or tire at issue"; the mere allegation that the seller represented the vehicle at issue was a "good truck (i.e. that the product was safe)" did not show plaintiffs had a probable right of recovery against the seller).

[48] *Id.* at ¶¶ 11–51.

Because Plaintiff has not pleaded viable allegations to support any of these exceptions, Gateway is not subject to liability under Texas law and, thus, is improperly joined.

26. Moreover, Plaintiff has not pleaded the actual knowledge exception under Section 82.003(a)(6).[49] Nor does Plaintiff allege that Gateway knew of the alleged defect at the time it sold the Subject Vehicle to him.[50] To the contrary, Plaintiff pleads that Defendants were negligent for "failing to discover defects."[51] Thus, Plaintiff has not sufficiently plead that the actual knowledge exception applies here. To the extent necessary for purposes of this Notice, GM LLC observes that courts routinely deny motions to remand when the only claim against the in-state defendant is for supposed failure to inspect and discover a defect. [52]

27. Because Plaintiff fails to adequately plead any exception to Texas Civil Practice and Remedies Code § 82.003 applies, Plaintiff has not stated a claim upon which relief may be granted. As such, he has not proven that he has a reasonable basis of recovering against either Gateway. Therefore, Gateway is improperly joined, and this case is properly removed to this Court.

**ii. Consent is not required.**

28. Consent is not required for Gateway, General Motors Company or General Motors Corporation. The consent of properly joined and served defendants is generally needed to remove

---

[49] This exception applies if "the seller actually knew of a defect to the product at the time the seller supplied the product" and "the claimant's harm resulted from the defect". TEX. CIV. PRAC. & REM. CODE § 82.00(a)(6).
[50] See Segura, 2015 U.S. Dist. LEXIS 195519, at *14 (declining to find an improperly joined dealer seller had actual knowledge merely because the plaintiff had pled the seller sold "a product it knew or should have known carried the risk of causing severe bodily harm and/or death").
[51] See Petition at ¶¶ 50(h), 50(j), Exhibit A-2.
[52] See Aguilar v. Michelin Tire N. Am., Inc., SA:16-CV-048-DAE, 2016 U.S. Dist. LEXIS 193908 at *11 (W.D. Tex. Mar. 23, 2016) (denying remand where "Plaintiff has not alleged any facts that the Texas Defendants modified the Vehicle's tires in any way. Instead, Plaintiffs allegations amount only to a failure to inspect, discover, and "warn of any defective or dangerous condition" or a failure to "recommend that the tire be taken out of service."); Selexman v. Ford Motor Co., No. CIV.A. H-14-1874, 2014 U.S. Dist. LEXIS 163015, at *12 (S.D. Tex. Nov. 20, 2014) (agreeing with the defendant that "Texas law does not impose a duty on a post-sale automobile servicer to detect pre-existing design defects during a routine visit for maintenance or repairs."); State Farm Lloyds v. Polaris Indus., Inc., 2012 WL 3985128, at *3 (dismissing a post-sale failure-to-warn negligence claim against a servicing dealer).

a case.[53] The only defendant, other than GM LLC, that has been served is Gateway; however, the consent of improperly joined Gateway is not necessary to remove this case. While all served co-defendants must consent to the removal of a case, when improper joinder has been alleged, "application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in these cases is based on the contention that no other proper defendant exists."[54] Further, General Motors Company and General Motors Corporation have not been served and, as such, their consent is not required.[55]

## IV.   BANKRUPTCY JURISDICTION

29.   This action is properly removable because it is a civil proceeding that is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

30.   On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ( "New York Bankruptcy Court").[56]

31.   On July 5, 2009, the New York Bankruptcy Court issued an order (the "Sale Order and Injunction"[57]) approving the sale ("363 Sale") of substantially all of General Motors Corporation's assets to a predecessor of GM LLC. The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions.[58] The 363 Sale was consummated

---

[53] *See* 28 U.S.C. § 1446(b)(2)(A) (stating "all defendants who have been properly joined and served must join in or consent to the removal of the action").
[54] *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).
[55] *See* Notice of Rejected Service of Process – General Motors Company, Exhibit D; Notice of Rejected Service of Process – General Motors Corporation, Exhibit E; *see also supra.* fn. 24 and fn. 28.
[56] *In re Gen. Motors Corp.,* No. 09-50026-reg, (Bankr. S.D.N.Y. June 1, 2009).
[57] *See* Sale Order and Injunction at ¶ 7, Exhibit C;  *See In re Gen. Motors Corp.,* 407 B.R. 463 (Bankr. S.D.N.Y. 2009).
[58] *See id.*

on July 10, 2009. Ultimately, GM LLC was transferred certain of General Motors Corporation's assets and also assumed certain limited liabilities, as described in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").[59]

32. Plaintiff has named General Motors Corporation as a defendant in this lawsuit.[60] Thus, by expressly naming General Motors Corporation as a defendant in this action, Plaintiff has brought this action against a debtor that previously filed for bankruptcy.[61]

33. Federal jurisdiction is proper where any recovery could affect the value of the bankruptcy estate.[62] The *Pacor* Court further explained that an "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."[63] More recent precedents have confirmed *Pacor's* formulation of the test for determining whether a case is related to a bankruptcy proceeding.[64] Other courts have also adopted similar articulations of this test.[65]

---

[59] The Sale Order and Inunction was affirmed in all respects by two different district court judges in the Southern District of New York. *In re Motors Liquidation Co.,* 428 B.R. 43 (S.D.N.Y. 2010); *In re Motors Liquidation Co.,* 430 B.R. 65 (S.D.N.Y. 2010).
[60] *See* Petition at ¶ 5, Exhibit A-2.
[61] *Id.* General Motors Corporation was dissolved on December 15, 2011 and General Motors Corporation's bankruptcy case was closed in 2021. As GM LLC and General Motors Corporation are separate and distinct entities, GM LLC is not in a position to know what General Motors Corporation will do, if anything, in this case. Nonetheless, generally speaking, a debtor can seek to reopen a closed bankruptcy case to address various issues. For purposes herein, GM LLC believes that because General Motors Corporation is a named defendant and it filed for bankruptcy protection, this case is related to a case under the Bankruptcy Code and, thus, federal jurisdiction exists.
[62] *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996), *citing Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy."), *overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124–25 (1995); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (same).
[63] *Pacor,* 743 F.2d at 994.
[64] *See In re Combustion Eng'g, Inc.,* 391 F.3d 190, 226 (3d Cir. 2004) (describing the *Pacor* test as "seminal").
[65] *See Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994) ("The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court"); *Coar v. Nat'l Union Fire Ins. Co.*, 19 F.3d 247, 249 (5th Cir. 1994) (possibility that damages' award would be paid by the debtors estate was sufficient to establish federal jurisdiction*); In re Scanware, Inc.*, 411 B.R. 889, 894–95 (Bankr. S.D. Ga. 2009) ("There is no question that the

34. As such, this case is related to a case under the Bankruptcy Code and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and Federal Rules of Bankruptcy Procedure 9027.

## V. THE NOTICE OF REMOVAL IS PROPER

35. Removal is appropriate because there is complete diversity and the amount in controversy exceeds $75,000. Diversity jurisdiction therefore exists under 28 U.S.C. § 1332, and this case falls within this Court's jurisdiction under 28 U.S.C. § 1441(a). Removal is also appropriate as this is a civil proceeding that is related to a case under the Bankruptcy Code.

**A.   Venue of this removed action is proper in this Court.**

36. GM LLC removes this action to the district court of the United States for the district and division embracing the county where this state court action is pending.[66] Federal law permits defendants sued in state court to remove a "civil action…of which the district courts of the United States have original jurisdiction…to the district court of the United States for the district and division embracing the place where such action is pending."[67]

37. Because Dallas County is within this Court's judicial district, this Court "embrac[es] the place where [this] action is pending" and has removal jurisdiction under 28 U.S.C. § 1441(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 115 and 1441(a), because the United States District Court for the Northern District of Texas, Dallas Division, is the federal judicial district and division that covers the 298th District Court, Dallas County, Texas where this

---

underlying state court action against Debtor is at least 'related to' Debtor's bankruptcy. A finding against Debtor would alter its rights, liabilities, options, and freedom of action and impact the administration of its bankruptcy estate."). *See also Tomassi v. MDS, Inc.*, No. 5:12-CV-00201, 2013 U.S. Dist. LEXIS 54719, at *4–6 (W.D. Ky. April 16, 2013) ("The Sixth Circuit has adopted the expansive definition of a 'related to' proceeding. . . . The [c]ourt finds the instant case is 'related to' [p]laintiff's bankruptcy because, first, it could conceivably impact the handling and administration of the bankrupt estate.").
[66] *See* 28 U.S.C. § 1441 and 28 U.S.C. § 124(d)(4).
[67] 28 U.S.C. § 1441(a).

action was originally filed.

**B.     This removal is timely filed.**

38.     This removal is filed within thirty (30) days of receiving service of suit, and it has been less than one year since this action was originally commenced.[68] On June 26, 2022, Plaintiff filed his Original Petition[69] and GM LLC, the removing defendant, was served on August 19, 2022.[70]

**C.     A copy of all state court pleadings has been provided.**

39.     In accordance with 28 U.S.C. § 1446 (b), attached as Exhibit A is a copy of "all process, pleadings, and orders served upon" GM LLC in this litigation and an Index of Matters Being Filed.[71] GM LLC will give written notice of this removal to Plaintiff and will file a notice in state court alerting the state court to the filing of this removal.

**D.     Compliance with Local Rule 81.1.**

40.     The requirements of this Court's Local Rule 81.1 have been met. A completed civil cover sheet and supplemental civil cover sheet are being provided to the clerk for filing. An index of all documents filed in the state court along with a copy of the docket sheet and each document filed in the state court is attached as Exhibit A. The state court judge has not entered any order. A list of counsel is included in the civil cover sheet and supplemental civil cover sheet. GM LLC's signed Certificate of Interested Persons is attached at Exhibit B and is being filed concurrently with this Notice.

---

[68] *See* 28 U.S.C. § 1446(b)–(c) and Federal Rule of Bankruptcy Procedure 9027(3).
[69] *See* Exhibit A-3.
[70] *See* Ex. A-6, Return of Service of Process.
[71] Exhibit A also fulfills GM LLC's requirement under Local Bankruptcy Rule 9027-1(c)

**E.     Notice to All Parties and to the State Court.**

41.     Pursuant to 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(b–c), a copy of this Notice of Removal is being served on all adverse parties and filed with the 298th Judicial District Court in Dallas County, Texas, where this case was originally filed.

42.     If any question arises as to the propriety of the removal of this action, GM LLC requests the opportunity to present a brief and requests oral argument in support of removal.

## CONCLUSION

All conditions and procedures for removal of this matter on the basis of diversity jurisdiction have been met.

WHEREFORE, Defendant GM LLC gives notice that the above-captioned litigation has been removed from the 298th Judicial District Court of Dallas County to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted

*/s/ Daniela Gonzales Aldape*
**DERON L. WADE** (lead attorney)
State Bar No. 24008220
Email: dwade@dykema.com
**PRESCOTT W. SMITH**
State Bar No. 24013534
Email: pwsmith@dykema.com
**REBEKAH L. HUDGINS**
State Bar No. 24101960
Email: rhudgins@dykema.com
**DYKEMA GOSSETT PLLC**
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201-4876
Telephone: (214) 462-6400

**DANIELA GONZALES ALDAPE**
State Bar No. 24036651
Email: daldape@dykema.com
**DYKEMA GOSSETT PLLC**
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record according to the Federal Rules of Civil Procedure on this the 16th day of September, 2022.

*/s/ Daniela Gonzales Aldape*
**DANIELA GONZALES ALDAPE**

4895-9034-2449