A-2

FILED
7/26/2022 4:53 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Danitra Brown DEPUTY

Case 3:22-cv-02072-M   Document 1-5   Filed 09/16/22   Page 2 of 12   PageID 34

**4 CITS ESERVE**
**JURY DEMAND**

DC-22-08651

CAUSE NO. _____

| | | |
|---|---|---|
| **BRITT JACKSON** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **GENERAL MOTORS, LLC; GENERAL** | § | |
| **MOTORS COMPANY; GENERAL** | § | |
| **MOTORS CORPORATION; and** | § | 298th |
| **GATEWAY BUICK GMC, LLC** | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Britt Jackson files his Original Petition complaining of General Motors, LLC; General Motors Company; General Motors Corporation; and Gateway Buick GMC, LLC (collectively as "Defendants") and in support thereof would respectfully show as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff seeks monetary relief between $250,000.00 and $1,000,000.00, excluding penalties, costs, expenses, and pre-judgment interest. Plaintiff requests this case be governed under a Level 3 Discovery Control Plan.

### II. PARTIES

2. Plaintiff Britt Jackson ("Plaintiff" or "Britt") is an individual who resides in Dallas County, Texas.

3. Defendant General Motors, LLC ("GM LLC") is a foreign limited liability company organized under the laws of Delaware, with its principal place of business in Detroit, Michigan. It can be served with process through its registered agent: Corporation Service Company d/b/a CSC-

Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. **CITATION IS REQUESTED AT THIS TIME.**

4.      Defendant General Motors Company ("GM Company") is a foreign for-profit corporation organized under the laws of Delaware, with its principal place of business in Detroit, Michigan. It can be served with process through its registered agent: C T Corporation System, 350 N. St. Paul Street, Ste 2900, Dallas, Texas, 75201. **CITATION IS REQUESTED AT THIS TIME.**

5.      Defendant General Motors Corporation ("GM Corp") is a foreign for-profit corporation organized under the laws of Delaware, with its principal place of business in Detroit, Michigan. It can be served with process through its registered agent: C T Corporation System, 350 N. St. Paul Street, Ste 2900, Dallas, Texas, 75201. **CITATION IS REQUESTED AT THIS TIME.**

6.      All General Motors defendants are collectively referred to as "General Motors".

7.      Defendant Gateway Buick GMC, LLC (the "Dealership") is a domestic limited liability company. It can be served through tis registered agent: Brian L. Brown, 4300 S. Georgia, Amarillo, Texas 79110. **CITATION IS REQUESTED AT THIS TIME.**

### III.     JURISDICTION AND VENUE

8.      This Court maintains subject-matter jurisdiction because the amount in controversy is in excess of the minimum jurisdictional limits of this Court.  This Court maintains personal jurisdiction over Defendants because Defendants operate businesses in Texas and committed the torts at issue in Texas.  Venue is proper in Dallas County, Texas, because Dallas County is the County in which all or a substantial part of the events giving rise to this claim arose. CIV. PRAC. & REM. CODE § 15.002.

## IV.     BACKGROUND FACTS

9.      On August 29, 2020, Plaintiff was sitting behind the wheel his 2017 GMC Savanna when the driver's side roof rail airbag deployed without an algorithm enable. The vehicle was parked at the time and was not involved in any type of collision. Britt previous purchased the vehicle from Gateway Buick GMC. At the time of purchase the Dealership expressly represented that the vehicle was safe, free from defect, and properly manufactured. This express factual representation was incorrect as the van was defective, unsafe, and improperly manufactured. Britt relied on the representation in purchasing the van and would not have purchased the van had the Dealership told him the truth about the vehicle.

10.     The injury was caused by one or more negligent acts and/or omissions on the part of the Defendants. The negligent acts were the proximate cause of Plaintiff's serious and debilitating personal injuries. The collision and all damages and injuries resulting from the collision were not caused nor contributed to by Plaintiff or an innocent third party; but were caused solely by the acts, wrongs, and/or omissions of the Defendants, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages Plaintiff's sustained.

## V.     CAUSES OF ACTION

### *Strict Products Liability*

11.     Plaintiff incorporate the facts and allegations explained above as if fully set forth herein.

12.     General Motors is engaged in the business of assembling, testing, instructing, selling, distributing, and/or supplying motor vehicles to the public, including the subject vehicle in this lawsuit.

13.     The Dealership is in the business of selling, distributing, and/or supplying motor vehicles to the public, including the subject vehicle in this lawsuit.

14. General Motors and the Dealership placed this vehicle in the stream on commerce without properly inspecting the vehicle for dangerous conditions and knew that the ultimate users were not capable of inspecting the vehicle for dangerous conditions on their own.

15. The subject vehicle was defective and unreasonable dangerous to the ultimate users when sold and distributed in the following ways:

   a. It failed to operate, as an ordinary consumer would expect;

   b. It was designed, manufactured, sold, and/or supplied in an unsafe, unreasonably dangerous and defective condition that airbag deployed without any algorithm enabled.

   c. It was designed, manufactured, sold, and/or supplied in an unsafe, unreasonably dangerous and defective condition that airbag deployed without out any contact to the vehicle.

16. At the time of the subject incident, the subject vehicle was in substantially the same condition as when it was sold and distributed by Defendants.

17. The Dealership expressly represented that the vehicle was safe, free from defect, and properly manufactured. This express factual representation was incorrect as the van was defective, unsafe, and improperly manufactured. Britt relied on the representation in purchasing the van and would not have purchased the van had the Dealership told him the truth about the vehicle.

18. The subject vehicle was unreasonably dangerous to foreseeable end users, including Plaintiff.

19. As a direct and proximate cause of the foregoing conduct of Defendants, Plaintiff sustained serious bodily injury.

## *DECEPTIVE TRADE PRACTICES ACT*

20. Plaintiff incorporate the facts and allegations explained above as if fully set forth herein.

21. Plaintiff is a "consumer" under the Texas Deceptive Trade Practices Act ("DTPA") because he bought or acquired goods or services.

22. Defendants can be sued under the DTPA

23. Defendants committed one or more of the following wrongful acts:

    a. Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are not; and

    b. Breach of implied and express warranties described below

24. Plaintiff relied on these false, misleading, or deceptive acts or practices to his detriment.

25. Defendants committed these violations knowingly and intentionally.

26. Defendants' actions were a producing cause of Plaintiff's injuries.

## *BREACH OF EXPRESS WARRANTY*

27. Plaintiff incorporate the facts and allegations explained above as if fully set forth herein.

28. General Motors is the designer, manufacturer, assembler, distributor and/or seller of the subject vehicle.

29. The Dealership is a seller of the subject vehicle.

30. Defendants sold the subject vehicle to Plaintiff.

31. Defendants expressly warranted that its product was safe for ordinary use.

32. Defendants' affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff, without which the Plaintiff would not have purchased Defendants' product.

33. The product did not conform to the Defendants' affirmations regarding the safety of its product.

34. As a direct and proximate result of Defendants' breach of express warranties, Plaintiff sustained the injuries and losses described herein.

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

35. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

36. Defendants are the designer, manufacturer, assembler, distributor, and/or seller of the subject vehicle. Defendants sold the subject vehicle to Plaintiff.

37. Defendants impliedly warranted that its product was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality so as to pass without objection in the trade, and conformed to Defendants' own affirmations regarding the vehicle's safety features and overall safe condition.

38. Defendants breached its implied warranty of merchantability, as the product did not conform to the Defendant's affirmations regarding the safety features and overall safe condition of the product, the product was not fit for the ordinary purpose for which it was sold or used, and was not of fair average quality so as to pass without objection in the trade.

39. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff sustained the injuries and losses described herein.

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

40. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

41. Defendants are the designer, manufacturer, assembler, distributor, and/or seller of the phone. Defendant sold the subject vehicle to Plaintiff.

42. In selling its product to Plaintiff, Defendants, through its agents, servants, employees, and apparent agents acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would

put the product to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendants impliedly warranted that the product would be fit for such particular purpose.

43. As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff sustained the injuries and losses described herein.

## *NEGLIGENCE*

44. Plaintiffs incorporates the facts and allegations explained above as if fully set forth herein.

45. Defendants were negligent in developing, designing, manufacturing, testing, selling and/or marketing the subject vehicle.

46. At all times material hereto, the vehicle was in use by Plaintiff for the foreseeable intended purpose for which it was developed, designed, manufactured, tested, sold, and/or marketed. Plaintiff was a foreseeable intended user of the vehicle.

47. Defendants owed a duty to Plaintiff to use reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects in material or workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers. Defendants failed to exercise such reasonable care.

48. Defendants owed a duty to Plaintiff to adequately warn of the dangers inherent in the use of the product it developed, designed, manufactured, tested, sold and/or marketed. Defendants failed to adequately warn consumers of the dangers inherent in its product that is the subject of this suit.

49. Plaintiff's damages are the direct and proximate result of the Defendants' negligence, as well as that of its agents, servants, employees, and apparent agents acting within and during the

scope of their employment, authority, or apparent authority. Plaintiff's damages are not due to any act or failure on the part of the Plaintiff.

50. Defendants were negligent in one or more of the following respects:

   a. Failing to take appropriate steps to ensure the vehicle's airbags would not spontaneously deploy;

   b. Failing to conduct an appropriate inspection of the vehicle;

   c. Marketing and selling the vehicle in an unsafe condition;

   d. Failing to provide users of the vehicle with adequate instructions for its safe use;

   e. Failing to provide users of the vehicle with adequate warning concerning its use;

   f. Failing to thoroughly and adequately test the vehicle to ensure that the vehicle's airbags would not spontaneously deploy;

   g. Designing the phone in such a way that it is not apparent to the user that the vehicles' airbags would spontaneously deploy;

   h. Failing to discover defects in, and the dangerous condition of, the vehicle;

   i. Failing to remedy the defects in, and the dangerous condition of, the vehicle;

   j. Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the vehicle;

   k. Failing to properly test, evaluate, inspect, and assemble the vehicle;

   l. Failing to properly design, manufacture, and advertise the vehicle to ensure that it was no unreasonably dangerous;

   m. Failing to warn the public in general, and Plaintiff in particular, of the dangers presented by the use of Defendants' product;

   n. Failing to exercise due care and act with regard for the safety of those using its products; and

   o. Such other and further acts and/or omissions as may be shown by the evidence at the trial.

51. Each of the above-listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the Plaintiff's injuries and damages. The above and foregoing acts and omissions of Defendants constitute negligence, which was the proximate cause of Plaintiff's resulting injuries and damages. Nothing Plaintiff did or failed to do caused or contributed to cause the occurrence made the basis of this suit.

### *RES IPSA LOQUITUR*

52. General Motors is also negligent under the doctrine of *Res Ipsa Loquitur*.

53. General Motors was under exclusive management and control of the subject vehicle in question during manufacturing and assembly.

54. Plaintiff did not alter the subject vehicle's airbag system in any way.

55. Had Defendant General Motors used ordinary care in the manufacturing and assembly of the vehicle at issue, it would not have deployed its airbags spontaneously.

### VI.   **DAMAGES**

56. As a result of the injuries sustained by Plaintiff as a result of the collision that makes the basis of this suit, Plaintiff hereby sues for the following items of damage:

   a. Physical pain and suffering the past;

   b. Physical pain and suffering that Plaintiff will experience in the future;

   c. Mental anguish suffered in the past;

   d. Mental anguish Plaintiff will experience in the future;

   e. Medical expenses incurred in the past;

   f. Medical expenses the Plaintiff will incur in the future;

   g. Physical impairment suffered in the past;

   h. Physical impairment the Plaintiff will suffer in the future

     i. Property damage; and

     j. Loss wages / loss of earning capacity in the past and future.

57. By reason of the facts alleged in this petition, Plaintiff has been made to suffer and sustain at the hands of the Defendants damages within the jurisdictional requirements of this Court and in such an amount as evidence may show proper at the time of trial.

58. Plaintiff sues all Defendants jointly and severally.

## VII. PREJUDGMENT AND POST JUDGMENT INTEREST

59. Plaintiff seeks prejudgment and post judgment interest as allowed by law.

## VIII. COURT COSTS

60. Plaintiff sues to recover court costs as allowed by law.

## IX. DEMAND FOR JURY TRIAL

61. Plaintiff demands jury trial and has tendered the appropriate fee.

## X. INITIAL DISCLOSURES

62. Defendants must make Initial Disclosures pursuant to Rule 194.2.

## XI. RULE 193.7 NOTICE

63. Plaintiff intends to use Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by *Texas Rule of Civil Procedure* 193.7.

## XII. PRAYER

For these reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff has judgment against Defendants for actual damages, prejudgment and post judgment interest, and costs. Plaintiff further prays for such other and further relief, at law or in equity, general or specific, that Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Myles A. Lenz*
Ramez F. Shamieh
Louisiana State Bar No. 35558
Texas State Bar No. 24066683
New York State Bar No. 5280219
Myles A. Lenz
Texas State Bar No. 24092685
myles@shamiehlaw.com

**SHAMIEH LAW, PLLC**
1111 West Mockingbird Lane, Suite 1160
Dallas, Texas 75247
214.389.7333 telephone
214.389.7335 facsimile
**ATTORNEYS FOR PLAINTIFF**